FILED

02/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0052

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0052

DENNIS WILLIAM BLACKWELL,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

FEB 07 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Dennis William Blackwell has filed a Petition for Writ of Habeas Corpus, indicating that his sentences are illegal. He provides the cause numbers, requesting dismissal of his cases and to "have the paperwork shredded."

This Court does not expunge records. Sections 46-32-102 and 46-32-105, MCA (Eff. until June 30, 2023). Upon review of his Petition, it is not readily apparent whether the Attorney General was served with a copy of his Petition because no box is checked by the name and address.

Blackwell challenges his sentences dating back some twenty years. Referencing a case "[b]ack in 1998," he states that his public defender "told [him] to throw away [his] speedy trial rights [and] plead guilty . . . ." He contends that his other cases, dating back to 2017 and 2019, are invalid and illegally prosecuted. Blackwell provides no supporting documentation.

This Court secured copies of Blackwell's judgments. On June 30, 2003, the Yellowstone County District Court revoked Blackwell's sentence for a 2002 conviction of partner or family member assault (PFMA) and imposed a five-year term with two years suspended to the Department of Corrections (DOC) (Cause No. DC 01-0998). Blackwell did not appeal. On November 9, 2018, the Yellowstone County District Court sentenced

Blackwell for criminal possession of dangerous drugs to the DOC for three years (Cause No. DC-17-1446). Blackwell did not appeal his conviction and sentence. On March 26, 2019, the Powell County District Court sentenced Blackwell for escape to a three-year term to run consecutively to his other sentence (Cause No. DC-19-12). Blackwell did not appeal.

The District Courts convicted Blackwell upon his guilty pleas. Blackwell cannot challenge his pleas now. "[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea." *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (internal quotation omitted). Blackwell's sentences are facially valid.

Blackwell comes too late to this Court to bring his challenges that are not remedied by a writ of habeas corpus. He did not raise his claims concerning his pleas or the prosecution in a timely appeal. Section 46-22-101(2), MCA. He is procedurally barred to challenge a sentence of revocation through this remedy. Section 46-22-101(2), MCA. We note that Blackwell has since discharged his sentence of revocation, imposed in 2003, and that he is not incarcerated because he has been granted parole.

Blackwell has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Blackwell's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record along with a copy of his Petition and to Dennis William Blackwell at his last known address.

DATED this 7th day of February, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
                  Justices